IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIDGET REDLICH | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:22-CV-00126 |
| | § | |
| QUALITY CARRIERS, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRIDGET REDLICH, Plaintiff in the above entitled and numbered cause, complaining of and against QUALITY CARRIERS, INC., Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

**A. PARTIES**

1. Plaintiff is an individual who resides in Orange County, Texas.

2. Defendant is a foreign corporation that is incorporated in Illinois and whose principal place of business is located in Tampa, Florida. Defendant is doing business in the State of Texas and may be served by and through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**B. JURISDICTION AND VENUE**

3. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant occurred within this Judicial District.

**C. FACTUAL ALLEGATIONS**

5. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries,

which she sustained on or about January 30, 2021, when she was driving northbound on I-10 in the second lane from the left in Jefferson County, Texas. At that time, one of Defendant's employees was driving one of Defendant's commercial motor vehicles next to Plaintiff in the far-left lane. Moments after both parties passed Exit 852B, Defendant's employee failed to keep Defendant's vehicle in a single lane. Defendant's employee drove Defendant's truck into the lane that Plaintiff was driving in and struck Plaintiff's vehicle.

6. Defendant's employee's colliding of Defendant's vehicle into Plaintiff's vehicle proximately caused Plaintiff to suffer serious physical injuries.

### D. CLAIMS FOR RELIEF

#### Negligence

7. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 6.

8. At the time of the incident made the basis of this suit, Defendant's employee breached his duty of ordinary care and/or his statutory duty pursuant to Texas Transportation Code § 545.060(a) and 49 CFR § 392.2 by failing to maintain a single lane. Defendant's employee's breach of his duty of ordinary care and/or his statutory duty caused him to collide Defendant's vehicle into Plaintiff's vehicle and physically injure Plaintiff. Defendant's employee's negligence proximately caused Plaintiff's damages.

9. Defendant is vicariously liable for the negligent acts and/or omissions of its employees via the doctrine of *respondeat superior*.

#### Negligent Hiring

10. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 9.

11. At the time of the incident made the basis of this suit, Defendant owed Plaintiff a duty to hire competent employees to operate its commercial motor vehicles. Defendant breached its duty

by hiring an employee who was incompetent to operate the commercial motor vehicle that struck Plaintiff's vehicle. The failure of Defendant to hire a competent employee to drive the aforementioned commercial motor vehicle proximately caused serious personal injury and damages to Plaintiff. Defendant is directly liable for its negligent hiring of its employees.

## Negligent Training

12. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 11.

13. At the time of the incident made the basis of this suit, Defendant owed Plaintiff a duty to properly and adequately train its employees to operate a commercial motor vehicle. Defendant breached its duty by failing to properly and adequately train its employee who struck Plaintiff's vehicle to operate a commercial motor vehicle. The failure of Defendant to so train its employee proximately caused serious personal injury and damages to Plaintiff. Defendant is directly liable for its negligent training of its employees.

## Negligent Entrustment

14. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 13.

15. At the time of the incident made the basis of this suit, Defendant was the owner of the vehicle that Defendant's employee was driving. Defendant owed Plaintiff a duty to entrust its commercial motor vehicles to a licensed, competent, responsible driver. Defendant breached its duty by entrusting one of its commercial motor vehicles to an unlicensed, incompetent, and/or reckless driver. Defendant's entrustment of one of its commercial motor vehicles to an unlicensed, incompetent, and/or reckless driver proximately caused serious personal injury and damages to Plaintiff. Defendant is directly liable for its negligent entrustment of its commercial motor vehicles to its employees.

### Negligent Retention

16. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 15.

17. At the time of the incident made the basis of this suit, Defendant owed Plaintiff a duty to terminate its employees whom Defendant knew or should have known were unsuitable to operate a commercial motor vehicle. Defendant breached its duty by failing to terminate its employee who collided with Plaintiff's vehicle prior to said collision. The failure of Defendant to so terminate its employee proximately caused serious personal injury and damages to Plaintiff. Defendant is directly liable for its negligent retention of its employees.

### E. DAMAGES

18. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 17.

19. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Reasonable and necessary medical expenses incurred in the past, and, in all reasonable medical probability, reasonable and necessary medical expenses to be incurred in the future;

   b. Physical pain and suffering in the past, and, in all reasonable probability, physical pain and suffering the future;

   c. Mental anguish in the past and, in all reasonable probability, mental anguish in the future;

   d. Physical disfigurement in the past and, in all reasonable probability, physical disfigurement in the future;

   e. Physical impairment in the past and, in all reasonable probability, physical impairment in the future; and

   f. Loss of earnings in the past, and, in all reasonable probability, earning capacity lost in the future.

## F.  JURY DEMAND

20. Plaintiff demands a trial by jury.

## G.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, after trial on the merits, she have judgment against Defendant, for the following:

    a.    Sum in excess of the minimum jurisdictional limits of this Honorable Court;
    b.    Actual damages;
    c.    Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d.    Costs of court; and
    e.    Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

_____
Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: rmurrill@fko-law.com

**ATTORNEY FOR PLAINTIFF
BRIDGET REDLICH**